IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


| | | |
|---|---|---|
| LOUIS EDWARD SPEARMAN, #708729, | ) | |
|      Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1471-P |
| | ) | |
| DOUGLAS DRETKE, Director, Texas | ) | |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|      Respondent. | ) | |


**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in

implementation thereof, the subject cause has been referred to the United States Magistrate

Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Before the court is a petition for writ of habeas corpus brought by a state prisoner

pursuant to 28 U.S.C. § 2254.

On July 21, 2001, the Fifth Circuit Court of Appeals imposed a $100.00 sanction on

Petitioner in an appeal from the dismissal of a successive § 2254 petition for lack of jurisdiction

pursuant to 28 U.S.C. § 2244(b)(3)(A).  See Spearman v. Johnson, No. 00-10409 (5th Cir. July

21, 2000).  The Circuit Court stated as follows:

> Until such fine is paid, Spearman is BARRED from filing any further appeal,
> mandamus petition, motion to file a successive habeas corpus petition, or any
> other matter in this court without the advance, written permission of a judge of
> this court.  Spearman is cautioned that, even after the fine is paid, filing any
> additional successive habeas corpus petitions will subject him to the possibility of

sanctions if he fails to obtain this court's permission to file the successive
petition.

(Petition (Pet.) at Exh. 1, at 2).

Before filing the instant habeas action, Petitioner neither paid the outstanding monetary

sanction, nor successfully sought leave to file a successive habeas corpus petition from the Fifth

Circuit.  As a matter of fact, on July 8, 2005, the Fifth Circuit denied authorization to file a

successive habeas corpus petition because Petitioner failed to pay the $100 monetary sanction.

See In Re Spearman, No. 05-10692 (attached to Pet. at Exh. 2).

This Court "observe[s] and enforce[s] sanctions imposed by another federal court in

Texas involving Texas Department of Criminal Justice inmates who file pleadings in this

District, unless the sanctioned inmate establishes a change of circumstances or otherwise

demonstrates that enforcing such previously imposed sanctions would be unjust."  MISC.

ORDER 48.  While this miscellaneous order does not mention sanctions imposed by the Fifth

Circuit Court of Appeals, such sanctions should be equally recognized by district courts in

Texas.

Petitioner has shown no change in circumstances or otherwise demonstrated that it would

be unjust to enforce the Fifth Circuit sanction in this case.  Accordingly, he must satisfy the

monetary sanction and seek authorization to file in the Fifth Circuit before filing any habeas

corpus action challenging his 1995 conviction for burglary of a building in No. F94-57577-QV.

In the absence of such payment and pre-approval, the District Court should deny *in forma*

*pauperis* status to Plaintiff and dismiss this action.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Petitioner's motion for leave to proceed *in forma pauperis* be denied and that his petition for writ of habeas corpus be dismissed without prejudice consistent with the outstanding sanction from the Fifth Circuit Court of Appeals in Spearman v. Johnson, No. 00-10409 (5th Cir. Jul. 21, 2000).

A copy of this recommendation will be mailed to Petitioner.

Signed this 28th day of July, 2005.

Wm.F. Sanderson, Jr.
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.